ANDRÉ BIROTTE JR.
United States Attorney
DOUGLAS F. McCORMICK
Assistant United States Attorney
Acting Chief, Santa Ana Office
GREGORY W. STAPLES (CBN 155505)
Assistant United States Attorney
    411 W. Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3535
    Facsimile: (714) 338-3564
    E-mail: greg.staples@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. SA CR 07-191-AHS |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT GERALD M. SHAW |
| v. | |
| GERALD M. SHAW and GREGORY DE LAVALETTE, | |
| Defendants. | |

    1. This constitutes the plea agreement between Gerald M. Shaw ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

PLEA

    2. Defendant agrees to plead guilty to count one of the indictment in <u>United States v. Shaw, et al.</u>, SA CR No. 07-191-AHS.

## NATURE OF THE OFFENSE

3. In order for defendant to be guilty of count one, which charges a violation of Title 18, United States Code, Section 1343, the following must be true: (1) defendant participated in a scheme or plan for obtaining money or property by making false promises or statements; (2) defendant knew that the promises or statements were false; (3) the promises or statements were material, that is, they would reasonably influence a person to part with money or property; (4) defendant acted with the intent to defraud; and (5) defendant used, or caused to be used, interstate wires to carry out the scheme. Defendant admits that defendant is, in fact, guilty of this offense as described in count one of the indictment.

## PENALTIES AND RESTITUTION

4. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1343 is: 20 years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

5. Defendant understands that defendant will be required to pay full restitution to the victims of the offense. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the amount of restitution is not restricted to the amounts alleged in the count to which defendant is pleading guilty and may include losses arising from counts dismissed pursuant to this agreement as well as all relevant conduct in connection with those counts. Defendant

further agrees that defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

6.  Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.  Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

8.  Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to, deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

9.  Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts includes facts sufficient to support a plea of guilty to the charges described in this agreement and to establish the

sentencing guideline factors set forth in paragraph 12 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to defendant that relate to that conduct.

Beginning at a time unknown and continuing to on or about September 19, 2007, in Orange County, defendant engaged in a scheme to defraud investors in connection with investments in ODL Securities in London, England. Defendant solicited victims, some of whom were clients of defendant's law practice, under the false pretense that the investments would earn rates of return being quoted by ODL Securities. In connection with the scheme the victims were told that defendant would refer them to ODL Securities in London England who would offer returns based on the amount of United States dollars invested in foreign exchange investments, which would yield returns as high as 30% to 40% a week; that investors funds would be pooled with funds from other investors in accounts at ODL Securities in London, England, and be used solely as collateral; that the funds would be returned to them pursuant to an Escrow Agreement and Irrevocable Management Agreement that the investors would sign with defendant; that pursuant to the Escrow Instructions and the Irrevocable Management Agreement the defendant was the "paymaster" or "trustee" of the investors' funds; that defendant arranged for investors to deposit funds with ODL Securities, which were pooled with funds from other investors, and ODL Securities would buy and sell AA rated bank notes and securities; that defendant had successfully completed similar investment offerings in the past and had many satisfied clients from such investments; and that

investors would share the profits with defendant pursuant to the Irrevocable Management Agreement.  On April 19, 2005, victim Friwat (Count One) signed an Escrow Agreement and Irrevocable Management Agreement with defendant which specifically detailed the terms and conditions of the investments.

For the purpose of executing the above-described scheme to defraud, defendant aided and abetted the transmission of the following means of wire communication in interstate commerce:

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| ONE | 4/6/05 | $300,000 from account of J.F. at Bank of America in California to Deutsche Bank account in New York of defendant SHAW |

In so doing, defendant acted with the intent to defraud.

## WAIVER OF CONSTITUTIONAL RIGHTS

10.  By pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial.  (In this regard, defendant understands that, despite his or her plea of guilty, he or she retains the right to be represented by counsel - and, if necessary, to have the court appoint counsel if defendant cannot afford counsel - at every other stage of the proceedings.)

    d) The right to be presumed innocent and to have the

burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e) The right to confront and cross-examine witnesses against defendant.

      f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

      g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### SENTENCING FACTORS

11. Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

12. Defendant and the USAO agree and stipulate to the following applicable sentencing guideline factors:

Base Offense Level :    7    [USSG § 2B1.1(a)]

Specific Offense

|   |   |   |   |   |
|---|---|---|---|---|
| Characteristics | | | | |
| Adjustments | | | | |
| (Abuse of trust) | : | 2 | [USSG § 3B1.3] | |
| (Acceptance of Responsibility) | : | -3 | [USSG § 3E1.1] | |

There is no agreement on the amount of loss or number of victims. Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments and departures are appropriate, including the correct loss amount.

13.   There is no agreement as to defendant's criminal history or criminal history category.

14.   Defendant, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), further reserves the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

15.   The stipulations in this agreement do not bind either the United States Probation Office or the Court.  Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's sentencing guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.

### DEFENDANT'S OBLIGATIONS

16.   Defendant agrees that he or she will:

  a) Plead guilty as set forth in this agreement.

b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c) Not knowingly and willfully fail to: (i) appear as ordered for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay.

## THE USAO'S OBLIGATIONS

17. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing to move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

c) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

d) To recommend that defendant be sentenced at the low end of the applicable Sentencing Guidelines range provided that the total offense level as calculated by the Court is 24 or higher and provided that the Court does not depart downward in offense level or criminal history category.

### BREACH OF AGREEMENT

18. If defendant, at any time between the execution of this agreement and the completion of defendant's cooperation pursuant to the agreement or defendant's sentencing on a non-custodial sentence or surrender for service on a custodial sentence, whichever is later, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. For example, if the defendant knowingly in an interview, before a grand jury, or at trial, falsely accuses another person of criminal conduct or falsely minimizes his own role, or the role of another, in criminal conduct, he will have breached this agreement. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, defendant will not be able to withdraw defendant's guilty plea, and the USAO will be relieved of all of its obligations under this agreement. In particular:

a) The USAO will no longer be bound by any agreements concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crime to which defendant has pleaded guilty.

b) The USAO will no longer be bound by any agreements regarding criminal prosecution, and will be free to prosecute defendant for any crime, including charges that the USAO would otherwise have been obligated to dismiss pursuant to this agreement.

c) The USAO will be free to prosecute defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

19. Following a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

b) Defendant gives up all defenses based on the statute of limitations, any claim of preindictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing of this agreement.

## LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

20. Defendant gives up the right to appeal any sentence imposed by the Court, including any order of restitution, and the

manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, (b) the Court in determining the applicable guideline range does not depart upward in offense level or criminal history category, and (c) the Court imposes a sentence within or below the range corresponding to the determined total offense level and criminal history category.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Notwithstanding the foregoing, defendant retains the ability to appeal the court's determination of defendant's criminal history category and the conditions of supervised release imposed by the court, with the exception of the following: standard conditions set forth in district court General Orders 318 and 01-05; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21.  The USAO gives up its right to appeal the Court's sentence, provided that (a) the Court in determining the applicable guideline range does not depart downward in offense level or criminal history category, and (b) the Court imposes a sentence within or above the range corresponding to the determined total offense level and criminal history category.

////

### COURT NOT A PARTY

22.  The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations.  Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  No one – not the prosecutor, defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

### NO ADDITIONAL AGREEMENTS

23.  Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel.  This agreement supersedes and replaces the Letter Agreement.  Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

24.  The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea

////
////
////
////
////

hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_____      _____
GREGORY W. STAPLES                        Date
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____/s/_____      _____
GERALD M. SHAW                            Date
Defendant

I am Gerald M. Shaw's attorney. I have carefully discussed every part of this agreement with my client. Further, I have

fully advised my client of his rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.


　　　/s/
JAMES RIDDET                                    Date
Counsel for Defendant
Gerald M. Shaw